The People *ex rel.* Janice Yancey, Plaintiff-Appellant, *v.* Ruben McClendon, Jr. Defendant-Appellee.

(No. 54395;

First District—January 18, 1972.

Bradshaw, Speranza & Veverka, and Mintz, Raskin, Rosenberg, Lewis & Cohen, both of Chicago, (Fred Raskin, Donald J. Veverka and David E. Bradshaw, of counsel,) for appellant.

Albert Koretzky and Irving Bronstein, of Chicago, for appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

This is a paternity action in which the trial court found for the relatrix. Defendant filed a post trial motion to vacate the judgment, which the court allowed. So far as appears from the record, no additional testimony was heard at the hearing on the post trial motion, but a certificate of birth of the child *may* have been introduced in evidence. We will consider that aspect of the case later in our opinion. Relatrix then filed a petition to vacate the order acquitting defendant or in the alternative for a new trial. The court denied the petition and relatrix appeals. She contends: (1) that the court erred in rehearing the case and reversing itself when the evidence supported a finding of paternity, and (2) that the court erred in allowing defendant to amend his post trial motion and in granting that motion when neither the relatrix nor her attorney were given notice of the amendment or were present in court when the motion was granted. The facts follow.

Janice Yancey filed a verified complaint alleging that she had delivered a child out of wedlock on May 29, 1968, and that defendant was the father. Defendant denied the allegation and waived trial by jury. Prior to the administration of the oath to the first witness, defendant's counsel and the relatrix's private counsel joined in a motion to admit a blood test in evidence, which was done. The court stated that the test did not reveal that defendant was the father, but only that he could be the father.

The relatrix testified that he met the defendant in October 1966 and had sexual intercourse with him first in November 1966 and thereafter once

or twice a month to and including August 1967. She further testified that she had intercourse with him twice in August 1967, the last time being around the 22nd. She also testified that she did not use contraceptives in August, although she normally did use them. She further testified that her last menstrual period was about August 16th or 17th and that she called defendant in September to tell him she was pregnant. She also testified that defendant said he would never accept the child as his, but would give her $200 for prenatal care. He refused to give her the money, however, when he asked that it be given to her attorney so the payment would be a matter of record. Relatrix further testified that she had been married, but was divorced in May 1965 and that she was not seeing her former husband. She further testified that she had been engaged to one James Boxton, but broke the engagement in November 1966. Nevertheless she went to Detroit with Boxton in May 1967, but testified that she stayed with her former husband's father in Highland Park, a Detroit suburb, and not with Boxton. We take geographical notice that Highland Park is only a short distance from Detroit. Relatrix further testified that she did not have intercourse with any one other than the defendant between October 1966 and August 1967, when she conceived. The child was born on May 29, 1968, almost exactly nine months after the date on which the relatrix allegedly last had intercourse with the defendant.

Defendant testified that he had intercourse with the relatrix from November 1966 up to and including July 1967, but contested the frequency of their intercourse as testified to by the relatrix. He admitted seeing her in August 1967, but denied having intercourse with her during that month. He testified that he broke off the affair because his wife was getting upset about it and it was interfering with his family life. He admitted that the relatrix called him in September 1967 to tell him she was pregnant and further admitted that he had offered to help her with her expenses. He also testified that during the time he was seeing the relatrix, he saw her in the company of two other men—Wesley Sawyer, a coworker of hers, and James Boxton, her former fiancee. Defendant did not know whether the relatrix had relations with either of those men, but testified that he saw Boxton in her home in August 1967.

At the close of all the testimony the trial judge rendered judgment for the relatrix and stated, "there is no doubt in my mind whatsoever that the defendant is the father of that child." The court then held a hearing on the financial condition of the parties and ordered defendant to pay $298 in medical bills and $15 per week support for the child. On February 20, 1969, a post trial motion to vacate the paternity order was filed on behalf of defendant by counsel other than his trial attorney. It is at that point that the record becomes so garbled and confused, it is difficult to

understand fully the various twists and turns the proceedings took. The essence appears to be as follows.

On March 31, 1969, an amended post trial motion was filed by other counsel for the defendant. After several continuances a hearing on the motion was set for May 7, 1969. On the 7th the defendant's attorney filed an amendment of the amended post trial motion and included a birth certificate of the child, showing Charles William Yancey, the relatrix's former husband, as the father. Neither the relatrix nor her privately retained counsel were present at the hearing and apparently neither of them were served with a copy of the amendment, as the signature of defendant's attorney was crossed out on the "Certificate of Attorney." At the May 7th hearing the judge reversed his previous order finding defendant guilty and entered an order of acquittal of the defendant. A timely petition to vacate the acquittal and asking for a new trial was filed by the new attorney for the relatrix, but was denied. We proceed to consideration of the relatrix's contention that the trial court erred in allowing defendant to amend his amended post trial motion and in granting that motion when neither the relatrix nor her attorney were given notice of the amendment or were present in court when the motion was granted.

The record of the proceedings on the post trial motion is not clear and it is impossible to ascertain exactly what happened in the trial court. The amendment to the already amended post trial motion of defendant was never served on the attorney for the relatrix. It goes without saying that the relatrix or her attorney were entitled to notice of that amendment. The trial court in its ruling acquitting defendant did not indicate, however, whether it considered the amendment in question.

■■ The birth certificate set forth in the amendment to the amended motion was not introduced in evidence at the trial and therefore constituted newly discovered evidence. In order for newly discovered evidence to warrant a new trial, such evidence must not have been discoverable prior to trial by the exercise of ordinary diligence. (*People ex rel. Drury v. Catholic Home Bureau*, 34 Ill.2d 84, 213 N.E.2d 507.) In the instant case the motion seeking to introduce newly discovered evidence alleged that the evidence had not been presented earlier because of the incompetence of the defendant's trial counsel. The record does not show, however, whether the trial court considered that there was sufficient showing that the newly discovered evidence was not discoverable in the exercise of ordinary diligence. Neither does the record show whether the court considered the evidence of the birth certificate as set out in the amendment to the amended post trial motion.

■■ As was said of old, no man knoweth the way of an eagle in the

air, a serpent upon a rock, a ship in the midst of the sea, and of a man with a maid, and we must add that equally difficult to understand is the way of the trial in this case. Plaintiff's petition to have the order acquitting the defendant vacated is allowed. The order allowing defendant to amend his post trial motion without notice is likewise vacated. The court may then proceed with the trial of the issues in accordance with the rules of procedure applicable thereto.

Reversed and remanded with directions.

STAMOS, P. J., and LEIGHTON, J., concur.